# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MULTIBANK 2009-1 CML-ADC VENTURE, LLC,

    Plaintiff,

v.

JAIMEE YOSHIZAWA, *et al.*,

    Defendants.

Case No. 2:10-cv-00695-LDG (LRL)

**ORDER**

Defendants move to dismiss (#11) the second, third, sixth and seventh claims for relief alleged in Plaintiff Multibank 2009-1 CML-ADC Venture, LLC's (Multibank) complaint. Multibank opposes the motion (#13). Having considered the arguments of the parties, the Court will grant the motion in part and deny it in part.

Motion to Dismiss

The defendants' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a

plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.*, at 567.

2

<u>Third Claim - Fraudulent Transfer</u>

Multibank alleges that Cahuenga transferred its security interest in the 9120 lot to Russell & I215, and that such transfer was fraudulent. Defendants argue that Nevada has adopted the Uniform Fraudulent Transfer Act, codified at Nev. Rev. Stat. §112.140 *et seq.* Section 112.180 provides, in relevant part: "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (a) With actual intent to hinder, delay or defraud any creditor of the debtor; . . ." Of particular relevance to the present motion, a "claim" is statutorily defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." Nev. Rev. Stat. §112.150(3). Section §112.150 further defines a creditor as "a person who has a claim," and a debtor as "a person who is liable on a claim." Accordingly, critical to whether Multibank has stated a claim for fraudulent transfer is whether Multibank has alleged that it has a "right to payment" for which the defendants are liable.

Multibank identifies its "claim" against Cahuenga as "a court-ordered correction of the error, including a declaration that Cahuenga no longer owns the 9120 Lot and that the 9120 Lot is subject to Plaintiff's Deed of Trust, which is senior to any interest (if any) held by Russell & I215." While such relief may constitute a claim in other contexts, Multibank has not offered any citation to authority to indicate that such remedy constitutes a "right to payment" as required to constitute a claim defined by §112.150(3) necessary to support an action for fraudulent transfer. The Court will grant Defendants' motion to dismiss Multibank's Third Claim for fraudulent transfer.

<u>Second and Sixth Claims: Promissory Estoppel and Unjust Enrichment</u>

Multibank appropriately pled each of these claims.  Though the claims are not consistent with Multibank's claim for breach of contract, and though Multibank cannot prevail on both its contract claims and its claims for promissory estoppel and unjust enrichment, Multibank could appropriately plead claims in the alternative.  Accordingly, the court will deny Defendants' motion to dismiss these claims.

<u>Seventh Claim: Implied Covenant of Good Faith and Fair Dealing</u>

Multibank's pleadings are sufficient to state a claim against the defendants for the breach of the implied covenant of good faith and fair dealing.  The Court will deny Defendants' motion to dismiss this claim.

Accordingly, for good cause shown,

THE COURT **ORDERS** that Defendants' Motion to Dismiss (#11) is GRANTED as to Plaintiff's Third Claim for Fraudulent Transfer and is DENIED in all other respects.

DATED this __23__ day of March, 2011.

Lloyd D. George
United States District Judge