# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MULTIBANK 2009-1 CML-ADC VENTURE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JAIMEE YOSHIZAWA, *et al.*,<br><br>    Defendants. | Case No. 2:10-cv-00695-LDG (LRL)<br><br>**<u>ORDER</u>** |
| THE VILLAGE AT RUSSELL-PHASE 1, LLC,<br><br>    Third-party Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILVER STATE BANK,<br><br>    Third-party Defendant. | |

    One of the defendants, The Village at Russell-Phase 1, LLC (Village), filed a Third-party Complaint (#21) against third-party defendant, Federal Deposit Insurance

Corporation, as Receiver for Silver State Bank (FDIC-R).[1]  The FDIC-R moves to dismiss (#62) the third-party complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1).  Having considered the pleadings and arguments of the parties, the Court must dismiss the third-party complaint for lack of subject matter jurisdiction.

Motion to Dismiss Pursuant to Rule 12(b)(1)

Rule 12(b)(1) authorizes a motion to dismiss for want of subject matter jurisdiction. "It is a fundamental precept that federal courts are courts of limited jurisdiction . . . [and] limits upon federal jurisdiction . . . must be neither disregarded nor evaded." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  The plaintiff has the burden of establishing subject matter jurisdiction is proper, *see Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994), and must meet that burden at the pleading stage by alleging sufficient facts to show a proper basis for the court to assert subject matter jurisdiction over the action.  *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); Fed. R. Civ. Pro. 8(a)(1) (a pleading "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction").

When considering a motion to dismiss for lack of subject matter jurisdiction, the court presumes the factual allegations of the complaint are true and draws all reasonable inferences in favor of the non-moving party.  *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).  However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*

---

[1]  Though Village's pleading is captioned only as a counterclaim, the pleading is a third-party complaint as against the FDIC-R, as FDIC-R is not a plaintiff in the suit filed against Village.

2

556 U.S. ___, 129 S.Ct. 1937, 1949 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

Relevant Factual Background as Alleged in Third-party Complaint

In October 2006, Village obtained a construction loan (the Loan) from Silver State Bank to fund the development of commercial buildings.  From October 2006 through May 2008, Silver State Bank timely disbursed funds for the construction of the commercial buildings.

On September 5, 2008, the Nevada Financial Institutions Division closed Silver State Bank.  The FDIC-R was named as Receiver.  Pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), 12 U.S.C. §§ 1821 *et seq.*, the FDIC-R succeeded Silver State Bank.   On or about the same day, the FDIC-R notified Village that it had assumed control of Silver State Bank's assets.  The FDIC further notified Village that the Note and Loan were now owned by the FDIC.

On September 10, 2008, Village was notified that the FDIC had approved a disbursement request that Village had submitted in July.  Although Village had requested $93,903.98, the FDIC approved only $28,698.44.

On September 16, 2008, the FDIC notified Village that it was "increasingly unlikely that the FDIC is going to continue to allow draws on the Village at Russell."  The FDIC also notified Village that it was looking to convert the construction loan to a permanent loan.

Village asserts that the FDIC constructively repudiated the Loan Documents.

<u>Relevant Factual Background Submitted by the FDIC-R and Conceded by Village</u>

The FDIC-R published notices, which announced that the administrative claims bar date was December 10, 2008, in (1) the Las Vegas Review-Journal on Sept. 11, 2008, and October 13, 2008, (2) the Wall Street Journal on October 13, 2008, and November 14, 2008, and (3) in the Arizona Republic on October 13, 2008, and November 13, 2008.

Village did not file a Proof of Claim with the FDIC-R on or before the bar date of December 10, 2008. Village filed its Proof of Claim with the FDIC-R on July 2, 2010. On August 27, 2010, the FDIC-R disallowed the claim as untimely filed.

<u>Analysis</u>

No court has jurisdiction over claims that are subject to but that have not been exhausted by the mandatory administrative claims process outlined in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). *See Henderson v. Bank of New England*, 986 F.2d 319, 320-21 (9th Cir. 1993) (no jurisdiction if claimant fails to exhaust FIRREA's administrative process, §1821(d)(13)(D) strips all courts of jurisdiction over claims made outside of §1821's administrative procedures). Pursuant to §1821(d)(5)(C), the FDIC-R must disallow claims filed after the bar date specified in notices published pursuant to §1821(d)(3)(B)(i).[2] Such a disallowance is final. As compliance with the claims bar date is a jurisdictional requirement, *see Intercontinental Travel Marketing, Inc. v. FDIC*, 45 F.3d 1278, 1284 (9th Cir. 1994), the Court lacks jurisdiction over any claim that was not presented to the FDIC-R by the claims bar date.

The FDIC-R argues Village has not alleged facts in its complaint sufficient to establish this Court's jurisdiction. Village responds that, in Paragraph 4 of its complaint, it

---

[2] Section 1821(d)(3)(B) requires that the FDIC-R publish a notice to creditors to present their claims by a specified date that is not less than 90 days after the initial publication of the notice, and republish the notice one month and two months after the initial publication.

4

alleged that the Court has jurisdiction pursuant to 12 U.S.C. §1821(d)(6). Village's allegation is a conclusory legal allegation that is unsupported by any fact alleged in the complaint. Such factual allegations would necessarily include the date the FDIC-R disallowed a claim, given that courts have jurisdiction only over lawsuits filed by the end of the 60-day period that commences on the earlier of the expiration of the 180-day period described in §1821(d)(5)(A)(i) or the date that the FDIC-R disallows a claim. Further, such factual allegations would necessarily include the claims bar date and the date the plaintiff submitted its Proof of Claim with the FDIC-R, given that courts have jurisdiction only over claims that were filed by the claims bar date. In its complaint, Village has not alleged that it submitted a Proof of Claim, and has not alleged the date it filed its claim, and has not alleged the claims bar date, and has not alleged the date the FDIC-R disallowed its claim. Accordingly, Village has failed to plead facts permitting a conclusion that the Court has jurisdiction of its complaint.

Though the relevant allegations of fact are missing from its complaint, Village points out that the facts regarding the submission and denial of its Proof of Claim are uncontested and that the FDIC-R has submitted evidence of those uncontested facts to the Court. That evidence establishes that the claims bar date was December 10, 2008, that Village submitted its Proof of Claim on July 2, 2010, and that the FDIC-R denied the claim as untimely. These facts establish that Village failed to properly exhaust the statutorily mandated exhaustion requirements of §1821(d) because Village did not timely submit its claim to the FDIC-R and the FDIC-R disallowed the claim as untimely. Accordingly, the facts that Village notes are uncontested establish that this Court lacks jurisdiction over Village's complaint, and that Village cannot amend its complaint to cure this defect.

Although Village submitted its Proof of Claim more than 18 months after the claims bar date, it argues that its submission of the Proof of Claim was not untimely because the FDIC-R did not mail the notice of the claims bar date to Village. The FDIC-R counters that,

as established in *Intercontinental Travel Marketing*, the FDIC-R's failure to mail the notice required by §1821(d)(3)(C) does not excuse Village's failure to file its Proof of Claim by the claims bar date. Village responds that *Intercontinental Travel Marketing* established a judicial exception pursuant to which the claims bar date is tolled where the FDIC-R's failure to mail the notice is not based on excusable neglect. Village further argues that the FDIC-R cannot argue excusable neglect, or alternatively, that this issue should be determined on a motion for summary judgment after the parties have engaged in discovery.

Village's argument that the bar date can be tolled emphasizes the defect of its complaint in pleading jurisdiction. As the Court lacks jurisdiction over an untimely claim, the tolling of the claims bar date is a jurisdictional issue when a claim is filed after the claims bar date. As Village filed its claim after the claims bar date, Village had the burden, in alleging jurisdiction, to allege facts permitting the inference that the bar date was tolled. As argued by Village, those facts include the FDIC-R's failure to mail the notice and that such failure was due to affirmative misconduct. The complaint, however, lacks such factual allegations.

Further, the record before the Court precludes a determination that the bar date was tolled as to Village. Contrary to Village's argument, the Ninth Circuit did not carve out a judicial exception, in *International Travel Marketing*, that tolls the bar date when the FDIC-R fails to mail notice and such failure is not based on excusable neglect. Rather, the Ninth Circuit held only that the FDIC-R's negligent failure, in that case, to mail the notice did not toll the claims bar date. As to whether the bar date could be tolled, the Ninth Circuit stated that "while in some cases affirmative misconduct or intentional disregard of the mail notice requirement by the FDIC could toll the bar date, we do not have such a case before us here." *International Travel Marketing*, 45 F.3d at 1285. As the Ninth Circuit, itself, recognized that it was not considering such a case in which the bar date was tolled, the

statement is dicta.  The Ninth Circuit has yet to recognize any judicial exception to §1821(d)(5)(C).

Further, the Ninth Circuit did not even suggest that every case of affirmative misconduct or intentional disregard by the FDIC-R tolled the bar date.  Rather, and at most, the court suggested that "in some cases affirmative misconduct or intentional disregard of the mail notice requirement by the FDIC could toll the bar date."  While some cases could toll the bar date, the language of the Ninth Circuit also indicates that some cases of affirmative misconduct or intentional disregard by the FDIC would not toll the bar date.

Finally, as in *International Travel Marketing*, the facts of this case do not present a circumstance in which the claims bar date should be tolled as to Village.  Not only did the FDIC-R properly publish notice of the claims bar date in the present case, but Village received actual notice of the receivership, "greatly diminish[ing] the possibility that the FDIC was 'laying in ambush' . . .."  As alleged by Village in its complaint, the FDIC-R notified Village that it had assumed control of Silver State Bank and owned the Loan on or about the same day that the FDIC-R was named receiver.  As further alleged by Village, by September 16, 2008, the FDIC-R had notified it that it was unlikely that the FDIC-R would allow any further draws on the Loan.  Under these circumstances, the Court finds that the FDIC-R's failure to mail the notice to Village did not toll the claims bar date or otherwise excuse Village from properly exhausting its claim.

As the FDIC-R notified Village that it was the receiver for Silver State Bank on the same date that the FDIC-R was appointed receiver, Village's argument that its due process rights were violated is without merit.

The Court lacks jurisdiction over Village's claims, as Village failed to properly exhaust them as required by FIRREA.

Relying primarily on *Sharpe v. FDIC*, 126 F.3d 1147 (9th Cir. 1997), Village argues that the Court nevertheless has jurisdiction of its claims because FIRREA's administrative

7

claims procedures do not apply to claims for repudiation and breach of contract. As such, Village suggests that it was not required to exhaust its claims. The argument is without merit. The Ninth Circuit distinguished *Sharpe* in *McCarthy v. FDIC*, 348 F.3d 1075, 1081 (9th Cir. 2003), stating: "apart from claims made in connection with bankruptcy proceedings or arising out of a breach of contract <u>fully performed by the aggrieved party but not repudiated by the receiver</u>, all claims or actions must be submitted for administrative resolution." Village has not argued or alleged that it, as the aggrieved party, fully performed it contractual obligations. Indeed, Village expressly argues that it has brought this suit to be relieved of its obligations under the contract. Accordingly,

THE COURT **ORDERS** that the Motion to Dismiss (#62) of Federal Deposit Insurance Corporation, as Receiver for Silver State Bank, is GRANTED. The Third-Party Complaint of Village at Russell-Phase 1, LLC is DISMISSED with prejudice.

DATED this ____ day of August, 2011.

_____
Lloyd D. George
United States District Judge