# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CML-NV CAULDRON, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ZOHAR RAPAPORT, *et al.*,<br><br>    Defendants. | Case No. 2:10-cv-00695-LDG (PAL) |
| CML-NV CAULDRON, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ZOHAR RAPAPORT, *et al.,*<br><br>    Defendants. | Case No. 2:11-cv-00289-LDG (RJJ) |

**ORDER**

The plaintiff, CML-NV Cauldron, LLC, brought these actions,[1] alleging that this court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), as the civil action is

---

[1] The Court has consolidated the complaints.

between citizens of different states and the amount in controversy exceeds $75,000.00.[2] The defendants move to dismiss (#73) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that diversity jurisdiction does not exist. CML-NV Cauldron opposes (#75). Having considered the papers and pleadings, the Court agrees that diversity jurisdiction does not exist and will dismiss this matter.

A defendant may move pursuant to Rule 12(b)(1) to dismiss a complaint for lack of subject-matter jurisdiction. When such a motion is made, the plaintiff bears the burden of establishing that the court has the requisite subject-matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A court must dismiss a complaint if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

When a defendant challenges a complaint for lack of subject-matter jurisdiction facially, a court must take as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). When a defendant challenges a complaint for lack of subject-matter jurisdiction factually, no presumption of truthfulness attaches to plaintiff's allegations, and a "district court may hear evidence and make findings of fact necessary to rule on the subject-matter jurisdiction question prior to trial, if the jurisdictional facts are not intertwined with the merits." *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).

This court lacks diversity jurisdiction over this civil matter because (a) the Federal Deposit Insurance Corporation (FDIC) is a federal corporation that is not a citizen of any

---

[2] The 2:10-cv-00695-LDG action was originally filed by Multibank 2009-1 CML-ADC Venture, LLC ("Multibank"). Multibank is the sole member of CML-NV Cauldron, and assigned and transferred the underlying loan to CML-NV Cauldron. Previously, the Court granted Multibank's Motion to amend the complaint to permit the substitution of CML-NV Cauldron for Multibank.

particular state,[3] and (b) the FDIC is a member of the limited liability company that is the sole member of CML-NV Cauldron. Pursuant to §1332(a), this court has original jurisdiction over civil actions between citizens of different states. Stated otherwise, as this Court's jurisdiction is over suits between citizens of different states, the Court lacks original jurisdiction, under §1332(a), over civil actions that are not between citizens of different states. A suit in which one of the parties is a citizen of no particular State is, by definition, a suit that is not between citizens of different states. *See, Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3rd Cir. 2008); *ISI International, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003).

The citizenship of a limited liability corporation is the citizenship of all of its members. *See, Johnson v. Columbia Properties Anchorange, LP*, 437 F.3d 894, 899 (9th Cir. 2006). CML-NV Cauldron has a single member, Multibank 2009-1 RES-ADC Venture, LLC. Multibank 2009-1 RES-ADC Venture, LLC, has two members: (a) RL RES 2009-1 Investments, LLC and (b) the FDIC. The citizenship of RL RES 2009-1 Investments, LLC is Florida and Delaware.[4] A federal corporation, such as the FDIC, "is not a citizen of any particular state for diversity purposes." *Hancock Financial Corp., v. Federal Sav. and Loan Ins. Co.*, 492 F.2d 1325 (9th Cir. 1974). As the citizenship of CML-NV Cauldron's members

---

[3] This fact is contrary to the allegations of CML-NV Cauldron's complaints. CML-NV Cauldron alleged, instead, that the FDIC is a Delaware corporation with its principal place of business in Washington, D.C. In opposing the defendants' motion to dismiss, CML-NV Cauldron does not dispute that the FDIC is federally-chartered corporation. CML-NV Cauldron argues, nevertheless, that the FDIC should be deemed a citizen of Washington, D.C., or that its citizenship (ie, that its status as a citizen of no particular state) should be ignored.

[4] Working through the membership structure of RL RES 2009-1 Investments, LLC establishes, ultimately, two members with citizenship: Jeffrey Krasnoff, an individual residing in Florida, and Lennar Corporation, a Delaware corporation with its principal place of business in Florida. Hence, the citizenship of RL RES 2009-1 Investments, LLC, is Florida and Delaware.

is Delaware, Florida and "no particular State," the citizenship of the CML-NV Cauldron is Delaware, Florida, and "no particular State."

The Supreme Court has consistently interpreted the diversity statute to require "complete diversity" of citizenship. *See Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806). In considering whether this Court can exercise diversity jurisdiction pursuant to §1332(a), the Court must compare each citizenship of CML-NV Cauldron against each defendant. This requires acknowledging that a citizenship of RES-NV APC is "no particular State." Accordingly, as CML-NV Cauldron has among its citizenships the citizenship of no particular State, the rule of complete diversity requires the conclusion that this Court lacks original jurisdiction under §1332(a) over this action.

CML-NV Cauldron argues that, if the FDIC is not deemed to be a citizen of the District of Columbia, courts in Nevada and elsewhere have disregarded the rule that a limited liability company is a citizen of every state. None of the cases cited by CML-NV Cauldron support this assertion. In *Roskind v. Emigh*, 2007 WL 981725 (D.Nev., 2007), the court applied the well-established rule that "the citizenship of nominal or formal parties who have no interest in the action" is ignored in determining diversity, citing *Prudential Real Estate Affiliates v. PPR Realty*, 204 F.3d 867, 873 (9th Cir.2003). The court did not disregard the rule that a limited liability company is a citizen of every state, but applied that rule and then disregarded the citizenship of the limited liability company because it was a nominal party.[5] As CML-NV Cauldron is not a nominal party to this action, the court cannot disregard its citizenship in determining whether the Court can exercise jurisdiction pursuant to §1332(a).

---

[5] For essentially identical reasons, CML-NV Cauldron's citation to *Mallia v. Painewebber, Inc.*, 889 F.Supp. 277, 283 (S.D. Texas 1995) is misplaced. As in *Roskind*, the court applied the rule that the citizenship of nominal parties is disregarded.

4

1    CML-NV Cauldron's reliance on *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720 (8th Cir. 2001) is equally misplaced. In *Dominium Austin*, the court applied the rule that "if subject matter jurisdiction exists at the time the action is commenced, it will generally not be divested by subsequent events," citing *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991). Rather than ignoring the citizenship of a limited liability company, the court ruled that the subsequent event–the joinder of a non-diverse individual–did not divest the court of subject matter jurisdiction. Unlike *Dominium Austin,* the issue presently before this Court is not whether subsequent events have divested the court of subject matter jurisdiction, but instead is whether the Court had §1332(a) jurisdiction when the actions commenced.

   CML-NV Cauldron has not offered any meritorious argument suggesting that, in determining whether this Court has §1332(a) diversity jurisdiction over this civil action, the Court can either (a) ignore CML-NV Cauldron's citizenship, or (b) ignore the citizenship of the FDIC in determining the citizenship of CML-NV Cauldron. Accordingly, as the FDIC is a federal corporation that is a citizen of no particular state, and as the FDIC is a member of the sole member of CML-NV Cauldron, and thus as CML-NV Cauldron's citizenship includes being a citizen of no particular State, this Court lacks §1332(a) diversity jurisdiction over this civil action.

   Therefore, for good cause shown,

   THE COURT **ORDERS** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (#73) is GRANTED.

   DATED this ___17___ day of February, 2012.

_____
Lloyd D. George
United States District Judge

5